Todd M. Friedman (SBN 216752)
Adrian R. Bacon (SBN 280332)
Meghan E. George (SBN 274525)
Tom E. Wheeler (SBN 308789)
LAW OFFICES OF TODD M. FRIEDMAN, P.C.
21550 Oxnard St., Suite 780
Woodland Hills, CA 91367
Phone: 323-306-4234
Fax: 866-633-0228
tfriedman@ toddflaw.com
abacon@ toddflaw.com
mgeorge@toddflaw.com
twheeler@toddflaw.com
**Attorneys for Plaintiff**

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVE GALLION, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>MY1HR, INC. d/b/a HEALTH OPTIONS USA; MY1HR d/b/a HEALTH OPTIONS USA; KLONOWSKI AGENCY, INC.; INSXCLOUD; SCOTT KLONOWSKI; PAUL ILIE; and DOES 1 through 10, inclusive, and each of them,<br><br>Defendant. | Case No.<br><br>**CLASS ACTION**<br><br>**COMPLAINT FOR VIOLATIONS OF:**<br><br>1.   NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT [47 U.S.C. §227(b)]<br>2.   WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT [47 U.S.C. §227(b)]<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff STEVE GALLION ("Plaintiff"), individually and on behalf of all others similarly situated, alleges the following upon information and belief based upon personal knowledge:

///

---

CLASS ACTION COMPLAINT

- 1 -

## NATURE OF THE CASE

1.      Plaintiff brings this action individually and on behalf of all others similarly situated seeking damages and any other available legal or equitable remedies resulting from the illegal actions of MY1HR, INC. d/b/a HEALTH OPTIONS USA, MY1HR d/b/a HEALTH OPTIONS USA, KLONOWSKI AGENCY, INC., INSXCLOUD, SCOTT KLONOWSKI, and PAUL ILIE ("Defendant"), in negligently, knowingly, and/or willfully contacting Plaintiff on Plaintiff's cellular telephone in violation of the Telephone Consumer Protection Act, *47. U.S.C. § 227 et seq.* ("TCPA") and related regulations, thereby invading Plaintiff's privacy and causing her to incur unnecessary and unwanted expenses.

## JURISDICTION & VENUE

2.      Jurisdiction is proper under *28 U.S.C. § 1332(d)(2)* because Plaintiff, a resident of California, seeks relief on behalf of a Class, which will result in at least one class member belonging to a different state than that of Defendant, a Delaware company. Plaintiff also seeks up to $1,500.00 in damages for each call in violation of the TCPA, which, when aggregated among a proposed class in the thousands, exceeds the $5,000,000.00 threshold for federal court jurisdiction. Therefore, both diversity jurisdiction and the damages threshold under the Class Action Fairness Act of 2005 ("CAFA") are present, and this Court has jurisdiction.

3.      Venue is proper in the United States District Court for the Central District of California pursuant to *28 U.S.C. § 1391(b)(2)* because Defendant does business within the State of California and Plaintiff resides within the County of San Bernadino.

## PARTIES

4.      Plaintiff, STEVE GALLION ("Plaintiff"), is a natural person residing in San Bernando, California and is a "person" as defined by *47 U.S.C. § 153 (39)*.

5.      Defendant, MY1HR, INC. d/b/A HEALTH OPTIONS USA ("Defendant MY1HR, INC"), is a company in the business of sales of cloud-based

software to health insurance issuers and brokers, and is a "person" as defined by *47 U.S.C. § 153 (39)*.

6.      Defendant, MY1HR d/b/a HEALTH OPTIONS USA ("Defendant MY1HR"), is company in the business of sales of cloud-based software to health insurance issuers and brokers, and is a "person" as defined by *47 U.S.C. § 153 (39)*.

7.      Defendant, KLONOWSKI AGENCY, INC. ("Defendant KLONOWSKI AGENCY"), is company in the business of sales of cloud-based software to health insurance issuers and brokers, and is a "person" as defined by *47 U.S.C. § 153 (39)*.

8.      Defendant, INSXCLOUD ("Defendant INSXCLOUD"), is company in the business of sales of cloud-based software to health insurance issuers and brokers, and is a "person" as defined by *47 U.S.C. § 153 (39)*.

9.      Defendant, SCOTT KLONOWSKI ("Defendant KLONOWSKI"), is an individual who at all relevant times was the CEO of Defendant MY1HR, INC., MY1HR, KLONOWSKI AGENCY, and INSXCLOUS (hereinafter "Defendants"). As CEO of Defendants, Defendant KLONOWSKI was responsible for the overall success of the company. Defendant KLONOWSKI materially participated in marketing and occupying a position of critical importance to Defendants' business. As the CEO of Defendants, Defendant KLONOWSKI is liable for the nefarious conduct engaged in by Defendant FAF and its agents acting on Defendants' behalf. Defendant KLONOWSKI continued to play a key role in maintaining and expanding Defendants' activities throughout the time in question. Furthermore, Defendant KLONOWSKI is a "person" as defined by 47 U.S.C. § 153(39).

10.     Defendant, PAUL ILIE ("Defendant ILIE"), is an individual who at all relevant times was the Chief Technology Officer of Defendant MY1HR, INC., MY1HR, ILIE AGENCY, and INSXCLOUS (hereinafter "Defendants"). As Chief Technology Officer of Defendants, Defendant ILIE was responsible for the overall

success of the company. Defendant ILIE materially participated in marketing and occupying a position of critical importance to Defendants' business. As the Chief Technology Officer of Defendants, Defendant ILIE is liable for the nefarious conduct engaged in by Defendant FAF and its agents acting on Defendants' behalf. Defendant ILIE continued to play a key role in maintaining and expanding Defendants' activities throughout the time in question. Furthermore, Defendant ILIE is a "person" as defined by 47 U.S.C. § 153(39).

11.     Collectively and hereinafter, Defendant MY1HR, INC., MY1HR, ILIE AGENCY, INSXCLOUS, KLONOWSKI and Defendant ILIE will be referred to as "Defendant".

12.     The above named Defendant, and its subsidiaries and agents, are collectively referred to as "Defendants."  The true names and capacities of the Defendants sued herein as DOE DEFENDANTS 1 through 10, inclusive, are currently unknown to Plaintiff, who therefore sues such Defendants by fictitious names.  Each of the Defendants designated herein as a DOE is legally responsible for the unlawful acts alleged herein.  Plaintiff will seek leave of Court to amend the Complaint to reflect the true names and capacities of the DOE Defendants when such identities become known.

13.     Plaintiff is informed and believes that at all relevant times, each and every Defendant was acting as an agent and/or employee of each of the other Defendants and was acting within the course and scope of said agency and/or employment with the full knowledge and consent of each of the other Defendants. Plaintiff is informed and believes that each of the acts and/or omissions complained of herein was made known to, and ratified by, each of the other Defendants.

## FACTUAL ALLEGATIONS

14.     Beginning in or around April of 2018, Defendant contacted Plaintiff on Plaintiff's cellular telephone number ending in -6963, in an attempt to solicit Plaintiff to purchase Defendant's services.

15.     Defendant contacted or attempted to contact Plaintiff from telephone number (910) 830-0147 confirmed to belong to Defendant.

16.     When Plaintiff would answer Defendant's call, Plaintiff would hear an automated recorded messaged followed by a prompt to press "1" in order to be connected to a live employee for more information.

17.     Defendant used an "automatic telephone dialing system" as defined by *47 U.S.C. § 227(a)(1)* to place its call to Plaintiff seeking to solicit its services.

18.     Defendant's calls constituted calls that were not for emergency purposes as defined by *47 U.S.C. § 227(b)(1)(A)*.

19.     Defendant's calls were placed to telephone number assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to *47 U.S.C. § 227(b)(1)*.

20.     During all relevant times, Defendant did not possess Plaintiff's "prior express consent" to receive calls using an automatic telephone dialing system or an artificial or prerecorded voice on his cellular telephone pursuant to *47 U.S.C. § 227(b)(1)(A)*.

21.     Defendant placed multiple calls soliciting its business to Plaintiff on his cellular telephone ending in -6963 beginning in or around April of 2018 and continuing for several months.

22.     Such calls constitute solicitation calls pursuant to 47 C.F.R. § 64.1200(c)(2) as they were attempts to promote or sell Defendant's services.

23.     Plaintiff received numerous solicitation calls from Defendant within a 12-month period.

24.     Upon information and belief, and based on Plaintiff's experiences of being called by Defendant despite having no prior relation to Plaintiff whatsoever, and at all relevant times, Defendant failed to establish and implement reasonable practices and procedures to effectively prevent telephone solicitations in violation of the regulations prescribed under 47 U.S.C. § 227(c)(5).

## **CLASS ALLEGATIONS**

25.     Plaintiff brings this action individually and on behalf of all others similarly situated, as a member of the proposed class (hereinafter, "The Class"), defined as follows:

> All persons within the United States who received any solicitation/telemarketing telephone calls from Defendant to said person's cellular telephone made through the use of any automatic telephone dialing system or an artificial or prerecorded voice and such person had not previously consented to receiving such calls within the four years prior to the filing of this Complaint

26.     Plaintiff represents, and is a member of, The Class, consisting of all persons within the United States who received any solicitation/telemarketing telephone calls from Defendant to said person's cellular telephone made through the use of any automatic telephone dialing system or an artificial or prerecorded voice and such person had not previously not provided their cellular telephone number to Defendant within the four years prior to the filing of this Complaint.

27.     Defendant, its employees and agents are excluded from The Class. Plaintiff does not know the number of members in The Class, but believes the Class's members number in the thousands, if not more.  Thus, this matter should be certified as a Class Action to assist in the expeditious litigation of the matter.

28.     The Class is so numerous that the individual joinder of all of its members is impractical.  While the exact number and identities of The Class members are unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, Plaintiff is informed and believes and thereon alleges that The Class includes thousands of members.  Plaintiff alleges that The Class members may be ascertained by the records maintained by Defendant.

29.     Plaintiff and members of The Class were harmed by the acts of

Defendant in at least the following ways: Defendant illegally contacted Plaintiff and The Class members via their cellular telephones thereby causing Plaintiff and The Class members to incur certain charges or reduced telephone time for which Plaintiff and The Class members had previously paid by having to retrieve or administer messages left by Defendant during those illegal calls, and invading the privacy of said Plaintiff and The Class members.

30.     Common questions of fact and law exist as to all members of The Class which predominate over any questions affecting only individual members of The Class.  These common legal and factual questions, which do not vary between Class members, and which may be determined without reference to the individual circumstances of any Class members, include, but are not limited to, the following:

  a.     Whether, within the four years prior to the filing of this Complaint, Defendant made any telemarketing/solicitation call (other than a call made for emergency purposes or made with the prior express consent of the called party) to a Class member using any automatic telephone dialing system or any artificial or prerecorded voice to any telephone number assigned to a cellular telephone service;

  b.     Whether Plaintiff and The Class members were damaged thereby, and the extent of damages for such violation; and

  c.     Whether Defendant should be enjoined from engaging in such conduct in the future.

31.     As a person that received numerous telemarketing/solicitation calls from Defendant using an automatic telephone dialing system or an artificial or prerecorded voice, without Plaintiff's prior express consent, Plaintiff is asserting claims that are typical of The Class.

32.     Plaintiff will fairly and adequately protect the interests of the members of The Class.  Plaintiff has retained attorneys experienced in the prosecution of

class actions.

33.    A class action is superior to other available methods of fair and efficient adjudication of this controversy, since individual litigation of the claims of all Class members is impracticable.  Even if every Class's member could afford individual litigation, the court system could not.  It would be unduly burdensome to the courts in which individual litigation of numerous issues would proceed.  Individualized litigation would also present the potential for varying, inconsistent, or contradictory judgments and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same complex factual issues.  By contrast, the conduct of this action as a class action presents fewer management difficulties, conserves the resources of the parties and of the court system, and protects the rights of each Class member.

34.    The prosecution of separate actions by individual Class members would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of the other Class members not parties to such adjudications or that would substantially impair or impede the ability of such non-party Class members to protect their interests.

35.    Defendant has acted or refused to act in respects generally applicable to The Class, thereby making appropriate final and injunctive relief with regard to the members of the Classes as a whole.

## FIRST CAUSE OF ACTION

### Negligent Violations of the Telephone Consumer Protection Act

### 47 U.S.C. §227(b).

### On Behalf of The Class

36.    Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-36.

37.    The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each

and every one of the above cited provisions of *47 U.S.C. § 227(b)*, and in particular *47 U.S.C. § 227 (b)(1)(A).*

38.     As a result of Defendant's negligent violations of *47 U.S.C. § 227(b)*, Plaintiff and the Class Members are entitled an award of $500.00 in statutory damages, for each and every violation, pursuant to *47 U.S.C. § 227(b)(3)(B).*

39.     Plaintiff and The Class members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

<u>SECOND CAUSE OF ACTION</u>

**Knowing and/or Willful Violations of the Telephone Consumer Protection Act**

**47 U.S.C. §227(b)**

**On Behalf of The Class**

40.     Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-36.

41.     The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above cited provisions of *47 U.S.C. § 227(b)*, and in particular *47 U.S.C. § 227 (b)(1)(A).*

42.     As a result of Defendant's knowing and/or willful violations of *47 U.S.C. § 227(b)*, Plaintiff  and The Class members are entitled an award of $1,500.00 in statutory damages, for each and every violation, pursuant to *47 U.S.C. § 227(b)(3)(B)* and *47 U.S.C. § 227(b)(3)(C).*

43.     Plaintiff and the Class members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff requests judgment against Defendant for the following:

///

///

**FIRST CAUSE OF ACTION**

**Negligent Violations of the Telephone Consumer Protection Act**

**47 U.S.C. §227(b)**

- As a result of Defendant's negligent violations of *47 U.S.C. §227(b)(1),* Plaintiff and The Class members are entitled to and request $500 in statutory damages, for each and every violation, pursuant to *47 U.S.C. 227(b)(3)(B).*

- Any and all other relief that the Court deems just and proper.

**SECOND CAUSE OF ACTION**

**Knowing and/or Willful Violations of the Telephone Consumer Protection Act**

**47 U.S.C. §227(b)**

- As a result of Defendant's willful and/or knowing violations of *47 U.S.C. §227(b)(1)*, Plaintiff and The Class members are entitled to and request treble damages, as provided by statute, up to $1,500, for each and every violation, pursuant to *47 U.S.C. §227(b)(3)(B)* and *47 U.S.C. §227(b)(3)(C).*

- Any and all other relief that the Court deems just and proper.

**JURY DEMAND**

44.     Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.


Respectfully Submitted this 16th Day of January, 2019.

LAW OFFICES OF TODD M. FRIEDMAN, P.C.


By:  /s/ Todd M. Friedman
     Todd M. Friedman
     Law Offices of Todd M. Friedman
     Attorney for Plaintiff

---

CLASS ACTION COMPLAINT